**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Berry A. Willis,

          Plaintiff,

v.

Murnane Brandt, Professional Association; Bayview Management Corporation; Bayview Loan Servicing, LLC; Bayview Financial, LLC; Bayview Financial, LP; John E. Brandt; Cheryl L. Hauch; Kelly S. Hadac; Peter B. Tiede; State of Minnesota; Hennepin County District Court; Hennepin County Sheriff Department; City of Brooklyn Park; City of Brooklyn Park Police Department; ACE Midwest Moving & Storage; Daniel A. Haws; Eve Lominac; Kathleen Sovic; David Ertel; Richard O'Brien; Matthew Sovic; Brian E. Bomstein; John H. Fischer; Robert Oppenheim; Joel Goldman; Robert Repass; Christopher Campbell; Peter LaPointe; Tammie Wagovich; Thomas Carr; George Williams; Daniel Warman; Dayle Rosen; Ellen Charleton; David Briggs; Elva Neumann; JoAnn Snyder; Mark Glassman; Madelin Florence; Robert Hall; Antonio Chimienti; Stuart Waldman; John S. Gary; Charles H. Salter; Williams R. Howard; Regina Chu; Richard W. Stanek; Cory Kamp; Marvin M. Anderson; Jeffrey Lunde; and Sgr. Nelson, et al.;

          Defendants.

Civ. No. 12-122 (JNE/JJK)

**REPORT AND RECOMMENDATION**

Berry A. Willis, 4016 82nd Avenue North, Brooklyn Park, MN 55443, *pro se*.

Kelly S. Hadac, Esq., Daniel A. Haws, Esq., Murnane Brandt, PA, counsel for Murnane Brandt and Bayview Defendants.

Thomas C. Vasaly, Esq., Minnesota Attorney General's Office, counsel for State Defendants.

Charles H. Salter, Esq., Hennepin County Attorney's Office, counsel for Hennepin County Defendants.

Jon K. Iverson, Esq., and Amanda L. Stubson, Esq., Iverson Reuvers, LLC, counsel for City of Brooklyn Park Defendants.

Patrick G. Knight, Esq., and Brian M. Sund, Esq., Morrison Fenske & Sund, PA, counsel for Defendant Ace Midwest Moving & Storage.

---

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the Court on Hennepin County Defendants' Motion for Judgment on the Pleadings (Doc. No. 9), City of Brooklyn Park Defendants' Motion to Dismiss (Doc. No. 18), State Defendants' Motion to Dismiss (Doc. No. 21), Murnane Brandt and Bayview Defendants' Amended Motion for Judgment on the Pleadings (Doc. No. 30), and Defendant Ace Midwest Moving & Storage's Motion for Summary Judgment (Doc. No. 70). The United States District Court has referred these motions to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons

that follow, this Court recommends that the State Defendants' motion be granted and that this action be dismissed for lack of subject-matter jurisdiction.[1]

## BACKGROUND

This case stems from issues relating to real property located at 4016 82nd Avenue North, Brooklyn Park, Minnesota (the "Property"). The procedural history of Plaintiff's various cases and filings in state court involving the Property is both long and tortured. This Court will highlight only those events relevant to the Court's subject-matter jurisdiction over this removed case.

At one point, in a case involving many of the same parties as those named here, a Judgment was granted against then-defendant Berry A. Willis. That state court case file is 27-CV-08-21181, and it was closed after Judgment was entered. (Doc. No. 1, Ex. A.) Thereafter, Willis filed a *pro se* Complaint in state court on December 7, 2010, against many of the same parties as those named here: Murnane Brandt, PA; Bayview Management Corporation; Bayview Loan Servicing, LLC; Bayview Financial, LLC; Bayview Financial, LP; John E. Brandt; Cheryl L. Hauch; Kelley S. Hadac; Peter B. Tiede; Anna C. Mickelson; State of Minnesota; Hennepin County District Court; Hennepin County Sheriff Department; and the Board of Hennepin County Commissioners. (Doc. No. 1,

---

[1] The State Defendants are the only parties who argued that the Court lacks subject-matter jurisdiction due to improper removal. Accordingly, this Court recommends granting the State Defendants' motion and denying as moot the other pending motions by the other Defendants.

3

Attach. 2; Doc. No. 33, Aff. of Kelly S. Hadac ("Hadac Aff.") ¶ 30, Ex. 29 at 1.)

The self-styled counts asserted in that Complaint were as follows:

> Count 1 – Injunction and Declaration Judgment;
> Count 2 – Interlocutory Injunction;
> Count 3 – Negligence;
> Count 4 – Gross Negligence;
> Count 5 – Racketeering;
> Count 6 – Conspiracy;
> Count 7 – Wrongful Conversion;
> Count 8[2] – Setting Aside of Sale;
> Count 9 – Discrimination and Retaliation;
> Count 10 – Civil Rights;
> Count 11 – Mortgage Fraud;
> Count 12 – Foreclosure Fraud;
> Count 13 – Fraud;
> Count 14 – Extortion under Official Rights;
> Count 15 – Defamation of Character and Slander of Title; and
> Count 16 – Harassment.

(Doc. No. 1, Attach. 2.) That state court case file is 27-CV-10-27669, and it was assigned to Hennepin County District Court Judge William R. Howard (who was also the judge assigned to the previously mentioned closed case). (Hadac Aff. ¶ 30, Ex. 29 at 1.)

In February 2011, Judge Howard found that the Complaint in the 27-CV-10-27669 case "contained claims that were substantially similar, if not identical, to counterclaims Willis had filed in 27-CV-08-21181, and claims Willis had filed in a separate case, venued in Ramsey County, 62-CV-09-2400." (*Id.* at 2.) In

---

[2] Plaintiff incorrectly numbered Counts 8 through 16 in his December 7, 2012 Complaint. This Court refers to them in the order they appear in that pleading.

addition, he found that "Hennepin County District Court Judge Regina M. Chu had dismissed the counterclaims in 27-CV-08-21181, and Ramsey County District Court Judge Michael Monahan had dismissed all of the claims in 62-CV-09-2499." (*Id.*)  Judge Howard also found that the Complaint in the 27-CV-10-27669 case "contain[ed] only vague and conclusory allegations, with very few discernible facts with which to judge the validity of the claims." (*Id.*)  Based on these findings, Judge Howard concluded "that Willis was a frivolous litigant and that the present claim does not stand a reasonable probability of success on the merits." (*Id.* at 3.)  Judge Howard also concluded that "it was appropriate to require a security bond, and that the defendants' proposed bond amount of $100,000 was reasonable in light of the resources expected to be expended in litigation of the claim." (*Id.*)  Further, Judge Howard warned that if that security bond was not posted for the 27-CV-10-27669 case by March 18, 2011, the court would dismiss the action with prejudice.  (*Id.*)  On April 13, 2011, Judge Howard dismissed Plaintiff's action because he had not posted the security bond. (*Id.*)  Judgment of dismissal was entered on April 19, 2011. MNCIS Register of Actions, Case. No. 27-CV-10-27669, docket available at http://pa.courts.state.mn.us/CaseDetail.aspx?CaseID=1614139630.  The time to appeal that Judgment of dismissal expired 60 days later, on June 20, 2011.  Minn. R. Civ. App. P. 104.01, 126.01.

On January 17, 2012, Plaintiff filed a Notice of Removal with this Court, attempting to remove the previously closed 27-CV-10-27669 case and the

5

eviction action filed against him (27-CV-HC-12-2) to Federal District Court. (Doc. No. 1.) Plaintiff then filed with this Court a 167-page Amended Complaint (with attachments), without seeking leave of Court, which purported to add the City of Brooklyn Park, City of Brooklyn Park Police Department, ACE Midwest Moving & Storage, and a whole host of additional individuals as Defendants. (Doc. No. 5.) Thereafter, Defendants filed the five dispositive motions that are now pending before the Court. (Doc. Nos. 9, 18, 21, 30, 70.)

## DISCUSSION

A federal court is obligated to question its subject-matter jurisdiction—which is limited—before proceeding to the merits, and the party asserting jurisdiction bears the burden of overcoming the presumption that its cause of action lies outside of that limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1990); *see also Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009) ("The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction[.]"). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991).

On a Rule 12(b)(1) motion challenging subject-matter jurisdiction, the court "has authority to consider matters outside the pleadings." *Osborn v. United*

*States*, 918 F.2d 724, 729 n.4 (8th Cir. 1990).  But the standards of Rule 56, which would apply when a court considers matters outside the pleadings on motions to dismiss for failure to state a claim under Rule 12(b)(6), do not govern a motion challenging subject-matter jurisdiction.  Rather, when deciding motions under Rule 12(b)(1) challenging subject-matter jurisdiction, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *P.G. v. Ramsey County*, 141 F. Supp. 2d 1220, 1230 (D. Minn. 2001) (quoting *Osborn*, 918 F.2d at 730).  "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Osborn*, 918 F.2d at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

This Court concludes that this action should be dismissed for lack of subject-matter jurisdiction because Plaintiff improperly removed his state court action from state court.  The removal statute, 28 U.S.C. § 1441 states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  "It is well established that plaintiffs do not have a right of removal."  *Duckson, Carlson, Bassinger, LLC v. The Lake Bank, N.A.*, 139 F. Supp. 2d 1117, 1119 (D. Minn. 2001) (citing *Shamrock Oil & Gas Corp. v.*

7

*Sheets*, 313 U.S. 100, 107 (1941) (holding that Congress, as evidenced by the plain language of the statute and the legislative history, did not intend for plaintiffs to have a right of removal)). Therefore, Plaintiff's attempt to remove his state court lawsuit (i.e., the 27-CV-10-27669 case) to this Federal District Court was improper.

Another reason why Plaintiff could not remove his state court case (i.e., the 27-CV-10-27669 case) to this Federal District Court is because his state court lawsuit had already been dismissed by final judgment. *See Oviedo v. Hallbauer*, 655 F.3d 419, 424 (5th Cir. 2011) ("Removal is simply not possible after a final judgment and the time for direct appellate review has run."); *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) (recognizing that "it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation"). Therefore, because Plaintiff could not remove his state court lawsuit to this Court, the Court lacks subject-matter jurisdiction over that action. *See Duckson*, 139 F. Supp. 2d at 1118–19 (determining sue sponte that federal court lacked jurisdiction because the plaintiff had removed the case).

Plaintiff also references 27-CV-HC-12-26 in the title of his Notice of Removal. That case number relates to an eviction action in state housing court wherein a Judgment was entered against Plaintiff on January 18, 2012. (Doc. No. 33, Hadac Aff. ¶ 41, Ex. 40.) Plaintiff appealed that Judgment to the

8

Minnesota Court of Appeals, and on March 7, 2012, the court dismissed the appeal. (Hadac Aff. ¶ 42, Ex. 41.)

The Court notes that even though Plaintiff was not the "plaintiff" in the eviction action that he references in his removal papers (i.e., 27-CV-HC-12-26), this Court nevertheless lacks subject-matter jurisdiction over that state court matter. Any claim raised based on the findings in the eviction action would now be barred by the *Rooker-Feldman* doctrine, and this Court would nonetheless decline jurisdiction of the action based on the *Younger* abstention doctrine.

Application of the *Rooker-Feldman* doctrine is jurisdictional and may be raised *sua sponte*. *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000). With the exception of habeas corpus petitions, pursuant to the *Rooker-Feldman* doctrine, lower federal courts do not have jurisdiction over challenges to state-court judgments. *Id.* The *Rooker-Feldman* doctrine is named after two U.S. Supreme Court cases – *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker* holds that federal district courts have no appellate jurisdiction over state courts, and *Feldman* holds that federal district courts may not exercise judgment over issues that are "inextricably intertwined" with a prior state-court judgment. *Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 512 (8th Cir. 1999). A federal claim is inextricably intertwined when relief would effectively reverse or void the state-court ruling. *Id.* In other words, the federal action may be construed as a prohibited appeal whenever the federal relief depends on the

determination that the state-court decision was wrong. *Lemonds*, 222 F.3d at 493. Further, federal district courts may not "exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." *Lemonds*, 222 F.2d at 492–93. District courts may not review state-court decisions, "even if those challenges allege that the state court's action was unconstitutional," *Feldman*, 460 U.S. at 486, because "[f]ederal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court." *Lemonds*, 222 F.2d at 492. In addition, even if the state court had yet to make its decision, federal courts have been directed to abstain from accepting jurisdiction in instances where a grant of equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998) (stating the *Younger* abstention doctrine) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

    The essence of Plaintiff's purported removed claims appears to be his dissatisfaction with the state judicial decisions that rejected his arguments. To the extent Plaintiff believed that the Minnesota courts simply got it wrong, his remedy was to challenge those decisions by filing an appeal to the United States Supreme Court, not by pursuing a civil action in this Court. And to the extent Plaintiff is attempting to characterize his federal Complaint as one seeking to vindicate his federal constitutional rights, the essence of the relief Plaintiff is seeking is still a reversal of the Minnesota state courts' rulings against him. *See*

*Lemonds*, 222 F.3d at 492 (stating that constitutional claims that are an indirect attempt to undermine state-court decisions are not allowed); *see also Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992) (stating that a party "cannot be allowed to escape *Rooker-Feldman* by raising a new constitutional theory in federal court"). Accordingly, the *Rooker-Feldman* doctrine would bar any claim now challenging the findings in the eviction action. And even if it did not, this Court would abstain from accepting jurisdiction over those claims based on the *Younger* abstention doctrine.

Therefore, because Plaintiff could not remove his state court actions to this Court, the Court lacks subject-matter jurisdiction over those actions and this case should be dismissed.[3]

### RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. State Defendants' Motion to Dismiss (Doc. No. 21), be **GRANTED**;

---

[3] Because this Court lacks subject-matter jurisdiction, it does not address the other grounds for dismissal raised in Defendants' motions to dismiss. This Court notes, however, that even if the removal would have been proper, Plaintiff's claims most likely would be dismissed anyway. Plaintiff's Amended Complaint would likely be stricken for failure to comply with Fed. R. Civ. P. 15, and the original claims brought would be barred by either the *Rooker-Feldman* doctrine, the doctrines of res judicata and collateral estoppel, or issue and claim preclusion, or the Court would decline jurisdiction because of the *Younger* abstention doctrine.

11

2. Hennepin County Defendants' Motion for Judgment on the Pleadings (Doc. No. 9), be **DENIED AS MOOT**;

3. City of Brooklyn Park Defendants' Motion to Dismiss (Doc. No. 18), be **DENIED AS MOOT**;

4. Murnane Brandt and Bayview Defendants' Amended Motion for Judgment on the Pleadings (Doc. No. 30), be **DENIED AS MOOT**;

5. Defendant Ace Midwest Moving & Storage's Motion for Summary Judgment (Doc. No. 70), be **DENIED AS MOOT**; and

6. This case be **DISMISSED WITH PREJUDICE** for lack of subject-matter jurisdiction.

Date: October 25, 2012          *s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 8, 2012,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made

to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.